UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TYRELLE MOTRAY HENDERSON, JR.,

        Plaintiff,                   Case No. 1:25-cv-235

v.                                         Honorable Sally J. Berens

COUNTY OF KENT et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.10.)

Plaintiff has filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) However, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a

defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendant has not yet been served, the undersigned concludes that the defendant is not presently a party whose consent is required to permit the undersigned to enter an opinion, order, and judgment denying Plaintiff leave to proceed *in forma pauperis* and dismissing this action without prejudice.

2

*See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

As set forth below, Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] Accordingly, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

3

the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in Section 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

In at least three of Plaintiff's lawsuits, the federal courts have entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Henderson v. County of Kent, et al.*, No. 1:24-cv-1028 (W.D. Mich. Nov. 4, 2024); *Henderson v. County of Kent et al.*, No. 1:24-cv-1026 (W.D. Mich. Oct. 22, 2024); *Henderson et al. v. Conrad et al.*, No. 3:20-cv-286 (W.D. Ky. Dec. 14, 2020).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the at the Kent County Correctional Facility (KCCF) in Grand Rapids, Michigan. He sues Kent County itself, as well as the following KCCF personnel: Deputy Sheriff/Correctional Officer Unknown Badillo, Deputy Sheriff/Sergeant/Correctional Officer Unknown Clanexcel, Deputy Sheriff/Correctional Officer John Doe #1,

5

Sergeant/Correctional Officer/Deputy Sheriff John Doe #2, Sergeant/Correctional Officer/Deputy Sheriff Jane Doe #1, Nurse Jane Doe #2, and Physician John Doe #3. Plaintiff also sues Vitalcore Health Strategies, the company that has contracted with Kent County to provide healthcare to inmates at KCCF, and Inmate John Doe.

Plaintiff sets forth numerous claims in his complaint. First, he contends that on February 3, 2025, Defendant Inmate John Doe threatened him and "committed harmful contact to [Plaintiff's] person, causing injuries to Plaintiff's ankle and neck. (Compl., ECF No. 1, PageID.6.) He alleges further that Defendants Badillo, John Doe #1, John Doe #2, and Jane Doe #1 failed to protect him from Inmate John doe's assault. (*Id.*) Plaintiff states that, during the incident, Defendant Badillo tased him "until [he] had a bow[e]l movement, and Defendants John Doe #2 and Jane Doe #1 failed to stop Defendant Badillo's use of force. (*Id.*, PageID.6–7.)

Plaintiff goes on to allege that Defendants Badillo and Inmate John Doe slandered him by claiming that Plaintiff was in possession of a knife or sharpened spoon, causing Plaintiff to receive a category 2 violation for possession of contraband. (*Id.*, PageID.7.) Plaintiff was placed on the disciplinary restrictive unit for 10 days. (*Id.*) Between February 3 and 6, 2025, Defendants Badillo and Clanexcel found Plaintiff guilty of two category 2 violations, causing Plaintiff to be placed on cell restriction for 10 days, "lose out on pre-trial detainee liberties" for 10 days, and causing his pending civil actions to be hindered or impeded. (*Id.*, PageID.8.) Plaintiff alleges further that on February 3, 2025, Defendants Badillo, Clanexcel, John Doe #1, John Doe #2, Jane Doe #1, and Inmate John Doe deprived him of his legal documents, legal mail, legal notes, envelopes, and inmate handbook to hinder Plaintiff's access to the courts. (*Id.*)

Plaintiff contends further that from February 3, 2025, until the present, Defendants John Doe # and Jane Doe #2 have failed to provide appropriate medical care to his neck, back, and ankle

6

injuries. (*Id.*, PageID.9.) Plaintiff alleges that he has to "bear with the pain and a[w]kward feelings sometimes, and to perm[a]nently have pain medications prescribed to [him]." (*Id.*) Plaintiff states further that all Defendants have caused him severe emotional distress. (*Id.*) Based on the foregoing, the Court construes Plaintiff to assert numerous Fourteenth Amendment due process claims related to these incidents. Plaintiff seeks declaratory relief, unspecified injunctive relief, and compensatory, consequential, nominal, and punitive damages. (*Id.*, PageID.10.)

The Court concludes that Plaintiff has failed to allege any facts which support a finding that he was in imminent danger at the time he filed this lawsuit. Initially, the Court notes that Plaintiff's allegations regarding his placement on cell restriction and in the disciplinary restriction unit, the deprivation of his property, and the hindering of his access to the courts fail to rise to the level of imminent danger. Likewise, Plaintiff's receipt of two category 2 violations fails to rise to the level of imminent danger. Moreover, while the Court is sympathetic to the fact that Plaintiff was assaulted by Inmate John Doe and was tased as a result of that incident, Plaintiff fails to allege facts from which the Court could infer that he faces a continuous threat of harm from Inmate John Doe, or a continuous threat of being tased by KCCF correctional officers.

Although Plaintiff suggests that he has been continuously denied medical care from February 3, 2025, his claims regarding the denial of medical care are wholly conclusory. "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). Although Plaintiff mentions neck, back, and ankle injuries, he fails to set forth any facts regarding the nature of those injuries. Plaintiff's conclusory allegations regarding his various ailments do not rise to the level of "potentially dangerous consequences," and Plaintiff's complaint is wholly devoid of any allegations from which the Court

could infer that he is facing severe bodily harm as a result of those conditions. Moreover, Plaintiff appears to suggest that he had received pain medication for those conditions. Likewise, Plaintiff fails to allege any facts that he is in danger of imminent harm from his "severe emotional distress." (Compl., ECF No. 1, PageID.9.)

Accordingly, for the foregoing reasons, Plaintiff is barred from proceeding *in forma pauperis* under Section 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[3]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing

---

[3] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.

8

fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated:   March 10, 2025                              /s/ Sally J. Berens
                                                                                                             SALLY J. BERENS
                                                                                                             United States Magistrate Judge